UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. SA 10 CR 536 (11) FB |
| CASEY VAUGHAN | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION REQUESTING TRAVEL (DOCUMENT 836)

COMES NOW the United States of America, by and through its undersigned counsel, and in response to Defendant's request for permission to travel to New York, New York, for a job interview states as follows:

The United States has concerns about Defendant's requested travel.  Defendant entered his guilty plea on June 6, 2013, pursuant to a plea agreement which required his cooperation.  At that time, in open court and on the record, the undersigned stated that he wanted to meet with Defendant following Defendant's post-plea meetings with U.S. Probation and Pretrial Services, and prior to Defendant leaving San Antonio to return home to Houston.  The United States was interested in what assistance, if any, Defendant could provide to the United States in the then-impending trial of 5 of his codefendants[1].  The United States never heard from Defendant until the instant motion.  The concern the United States has about this proposed travel is grounded in the fact that the advisory sentencing guidelines for Defendant are likely to result in a significant period of incarceration.  The Court, in sentencing codefendant Robert Brooks made rulings to Brooks' objections which would indicate that the guidelines applicable to Defendant as likely to be at least as follows:

---

[1] Set for June 17, 2013, the 5 each entered guilty pleas in the days leading up to, and indeed following, that date.

| | | |
|---|---|---|
| §2B1.1(a)(1) Base offense level | | 7 |
| §2B1.1(b)(1)(K) loss greater than $7 million | + | 20 |
| §3B1.3 abuse of a special skill (certified appraiser) | + | 2 |
| §3E1.1 acceptance of responsibility | - | <u>3</u> |
| Adjusted level | | <u>26</u> |
| Sentencing Guideline range | | 63 – 78 months. |

While the plea agreement states that the United States "will make a non-binding recommendation that the Court impose a sentence no greater than 24 months", that provision is immediately preceded by the United States' promise to "make the full extent of the Defendant's cooperation known to the Court".  As discussed above, to date, there has been none.

In view of the fact that Defendant is at present more likely to receive a sentence of some period of incarceration than he is probation, the United States has concerns about his requested travel.  The United States also notes that Defendant always seems healthy enough to travel when he wishes to do so, but not when it involves anything related to this prosecution.

Accordingly, the United States opposes the requested travel.

        Respectfully submitted,

        ROBERT PITMAN
        United States Attorney

           /s/
        WILLIAM R. HARRIS
        Assistant United States Attorney
        Ohio State Bar No. 0017818
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216-5597
        (210) 384-7150
        (210) 384-7135 FAX
        Bill.Harris@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Bertram Oliver Wood, III, Esquire
310 S. St. Mary's, Suite 1270
San Antonio, Texas 78205

                                                    /s/
                                    WILLIAM R. HARRIS
                                    Assistant United States Attorney