UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | CRIMINAL NO.   SA-10-CR-536 (11)-FB |
| | ) | |
| CASEY VAUGHAN, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES OF AMERICA'S
MOTION FOR ENTRY OF MONEY JUDGMENT

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and makes this Motion for Entry of Money Judgment, pursuant to Fed. R. Crim. P. 32.2(c)(1) and Title 21 U.S.C. § 853(p), and in support thereof says the following:

I.

On May 20, 2013, Defendant CASEY VAUGHAN entered a written Plea Agreement (Doc. 749), wherein he plead guilty to Count One of the Indictment (Doc. 1), which charged him with conspiracy, in violation of Title 18 U.S.C. § 1349.  As part of his Plea Agreement, the Defendant agreed to voluntarily forfeit any and all his right, title, and interest in a money judgment to the United States of America, namely:

> A sum of money equal to **Fifty Thousand Dollars and no cents ($50,000.00)**, representing the amount of appraisal fees actually paid to Defendant Casey Vaughan in violation of Title 18 U.S.C. § 1349,

hereinafter referred to as the Subject Money Judgment.

Accordingly, the United States moves the Court for the entry of a money judgment, which forfeits all right, title and interest of the Defendant in the Subject Money Judgment.

II.

The United States advises the Court that pursuant to Fed. R. Crim. P. 32.2(c)(1), ancillary proceedings are not required for money judgments of forfeiture. *See* Fed. R. Crim. P. 32.2(c)(1), which provides in pertinent part:

> . . . "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

As such, the effect of Fed. R. Crim. P. 32.2(c)(1) on a money judgment is tantamount to a Final Judgment of Forfeiture in cases where a criminal forfeiture consists only of a money judgment.

III.

Plaintiff, United States of America, moves the Court to find that the United States has proven by a preponderance of the evidence, by virtue of the Defendant's Plea Agreement with factual basis contained therein, that the Subject Money Judgment represents the amount of proceeds realized by said Defendant, directly or indirectly, as a result of violations of Title 18 U.S.C. § 1349.

IV.

Plaintiff, United States of America, further moves the Court to find that the Subject Money Judgment is a criminal monetary penalty under Condition(s) 20, 21, and 22 of the United States Western District of Texas Conditions of Probation and Supervised Release.

Plaintiff, United States of America, further moves that should the Court assess a term of probation or supervised release, that Defendant CASEY VAUGHAN shall pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to Title 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

Plaintiff, United States of America, further moves the Court to order that Defendant CASEY VAUGHAN make payments by money order or certified check made payable to the United States Marshals Service, and to include the instant Criminal No. SA-10-CR-536 (11)-FB on all said money orders or certified checks, and send said payments to:

>**United States Attorney's Office**
>**Attn:   Asset Forfeiture Division**
>**601 N.W. Loop 410, Suite 600**
>**San Antonio, Texas 78216**

## V.

Plaintiff, United States of America, further moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(e); Title 21 U.S.C. § 853(p); and the Defendant's Plea Agreement, the United States shall, at its option, be entitled to the forfeiture of any other property (substitute assets) owned by said Defendant equivalent to the value of the Subject Money Judgment.

WHEREFORE, PREMISES CONSIDERED, the United States of America respectfully moves this Honorable Court to grant this within Motion for Entry of Money Judgment.

>Respectfully submitted,
>
>ROBERT PITMAN
>United States Attorney

By:  /s/_____
>Diana Cruz-Zapata
>Assistant United States Attorney
>Chief, Asset Forfeiture Section
>601 N.W. Loop 410, Suite 600
>San Antonio, Texas 78216
>Tel:  (210) 384-7040
>Fax: (210) 384-7045
>Texas Bar No. 05196800

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 29, 2013, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. Notification of such filing will be sent electronically to the following CM/ECF participant:

Bertram Oliver Wood, III
Law Office ofBertram O. Wood
310 S. St. Mary's Street, Suite 1270
San Antonio, TX 78205
Attorney for Defendant CASEY VAUGHAN

                /s/_____
                Diana Cruz-Zapata
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| V.  ) | CRIMINAL NO.  SA-10-CR-536 (11)-FB |
| ) | |
| CASEY VAUGHAN,  ) | |
| ) | |
| Defendant.  ) | |

## ORDER OF MONEY JUDGMENT

Came on to be considered, United States of America's Motion for Entry of Money Judgment pursuant to the provisions of Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(c)(1), and this Court being fully and wholly apprised in all its premises, finds that the United States has proven by a preponderance of the evidence that the below described money judgment represents the amount of proceeds realized by Defendant CASEY VAUGHAN, directly or indirectly, as a result of violations of Title 18 U.S.C. § 1349.  This Court further finds that said money judgment is a criminal monetary penalty under Condition(s) 20, 21, and 22 of the United States Western District of Texas Conditions of Probation and Supervised Release.  As such, said motion is meritorious and should be, and hereby is, in all things GRANTED.  IT IS THEREFORE

ORDERED that all right, title and interest of Defendant CASEY VAUGHAN in a money judgment, namely:

> A sum of money equal to **Fifty Thousand Dollars and no cents ($50,000.00)**, representing the amount of appraisal fees actually paid to Defendant Casey Vaughan in violations of Title 18 U.S.C. § 1349,

hereinafter referred to as the Subject Money Judgment be, and hereby is, FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that should the Court assess a term of probation or supervised release against Defendant CASEY VAUGHAN, said Defendant shall pay the Subject Money Judgment in accordance with a schedule of payments established by the United States Probation Office, to commence after all other criminal debt has been satisfied pursuant to Title 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j); and IT IS FURTHER

ORDERED that Defendant CASEY VAUGHAN shall make payments by money order or certified check made payable to the United States Marshals Service, and shall include the instant Criminal No. SA-10-CR-536 (11)-FB on all said money orders or certified checks, and shall send said payments to:

> **United States Attorney's Office**
> **Attn:   Asset Forfeiture Division**
> **601 N.W. Loop 410, Suite 600**
> **San Antonio, Texas 78216**

and IT IS FURTHER

ORDERED that the United States shall, at its option, be entitled to the forfeiture of any other property (substitute assets) owned by Defendant CASEY VAUGHAN equivalent to the value of the Subject Money Judgment.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2013.

_____
FRED BIERY
Chief United States District Judge